JOHN W. HUBER, United States Attorney (#7226)
AARON FLATER, Assistant United States Attorney (#9458)
THADDEUS J. MAY, Assistant United States Attorney (#11317)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682



IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA, | **CASE No. 2:19-CR-00260 DB** |
|---|---|
| Plaintiff, | **SUPERSEDING INDICTMENT** |
| vs. | **FILED UNDER SEAL** |
| OLUWOLE ADEGBORUWA, ENRIQUE ISONG, SYLVESTER ISONG, NGOM PRISO, ARINOLA ADEGBORUWA, ADEWOLE ADEGBORUWA, ASHLEY ROBINSON, and NYLA WATSON, | **Judge Dee Benson** |
| | VIOLATIONS: |
| | COUNT 1: 21 U.S.C. § 848, Engaging in a Continuing Criminal Enterprise (Oluwole Adegboruwa) |
| | COUNT 2: 21 U.S.C. §§ 841(a)(1) & 846, Conspiracy to Distribute Oxycodone (All defendants) |
| Defendants. | COUNT 3: 21 U.S.C. §§ 841(a)(1), Attempted Possession Of Fentanyl With Intent To Distribute (Oluwole Adegboruwa) |
| | COUNT 4: 18 U.S.C. §§ 1956(h), 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and § 2, Conspiracy to Commit Money Laundering – Aiding and Abetting (All Defendants) |
| | COUNT 5: 21 U.S.C. §§ 841(a)(1) and 18 U.S.C. § 2, Distribution of Oxycodone – Aiding and Abetting (Oluwole Adegboruwa) |
| | COUNT 6: 21 U.S.C. §§ 841(a)(1) and 18 U.S.C. § 2, Distribution of Oxycodone – |

|  | Aiding and Abetting (Oluwole Adegboruwa and Enrique Isong)<br><br>COUNT 7: 21 U.S.C. §§ 841(a)(1) and 18 U.S.C. § 2, Distribution of Oxycodone – Aiding and Abetting (Oluwole Adegboruwa and Sylvester Isong)<br><br>COUNT 8: 21 U.S.C. §§ 843(b) and 18 U.S.C. § 2 Use of the United States Mail in Furtherance of a Drug Trafficking Offense – Aiding and Abetting (Oluwole Adegboruwa and Sylvester Isong) |
|---|---|

The Grand Jury Charges:

## COUNT 1
## 21 U.S.C. § 848
## (Engaging in a Continuing Criminal Enterprise)

Beginning on a date unknown, and at least by May 10, 2016, and continuing to on or about May 23, 2019, in the District of Utah, and elsewhere,

OLUWOLE ADEGBORUWA,

defendant herein, did unlawfully, knowingly and intentionally engage in a continuing criminal enterprise in that he unlawfully, knowingly and intentionally violated 21 U.S.C. § § 841(a)(1), 843, 846, and 848, which violations include, but are not limited to,

- The violation alleged in Count 2, Conspiracy to Distribute Oxycodone, which Count is re-alleged and incorporated herein by reference as though fully set forth in this Count;

- The violation alleged in Count 3, Attempted Possession Of Fentanyl With Intent To Distribute, which Count is re-alleged and incorporated herein by reference as though fully set forth in this Count;

- The violation alleged in Count 5, Distribution of Oxycodone, which Count is re-alleged and incorporated herein by reference as though fully set forth in this Count;

- The violation alleged in Count 6, Distribution of Oxycodone, which Count is re-alleged and incorporated herein by reference as though fully set forth in this Count;

- The violation alleged in Count 7, Distribution of Oxycodone, which Count is re-alleged and incorporated herein by reference as though fully set forth in this Count;

- The violation alleged in Count 8, Use of the United States Mail in Furtherance of a Drug Trafficking Offense, which Count is re-alleged and incorporated herein by reference as though fully set forth in this Count;

which violations were part of a continuing series of violations of the Controlled Substances Act, Title 21, United States Code, Section 801, *et seq.*, undertaken by defendant, OLUWOLE ADEGBORUWA, in concert with at least five other persons with respect to whom OLUWOLE ADEGBORUWA occupied a position of organizer, supervisor, and any position of management, and from which such continuing series of violations the defendant obtained substantial income and resources.

## COUNT 2
## 21 U.S.C. §§ 841(a)(1) & 846
### (Conspiracy to Distribute Oxycodone)

Beginning on a date unknown, and at least by July 23, 2017, and continuing to on or about May 23, 2019, in the District of Utah, and elsewhere,

OLUWOLE ADEGBORUWA, ENRIQUE ISONG, SYLVESTER ISONG, NGOM PRISO, ARINOLA ADEGBORUWA, ADEWOLE ADEGBORUWA, ASHLEY ROBINSON, and NYLA WATSON,

3

defendants herein, did knowingly and intentionally conspire with others known and unknown, to distribute a controlled substance, to wit: oxycodone, a Schedule II Controlled Substance, within the meaning of 21 U.S.C. § 812; all in violation of 21 U.S.C. §§ 841(a)(1) and 846 and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

## COUNT 3
## 21 U.S.C. §§ 841(a)(1)
### (Attempted Possession of Fentanyl With Intent To Distribute)

Beginning on a date unknown, and at least by May 10, 2016, and continuing to on or about July 30, 2016, in the District of Utah, and elsewhere,

OLUWOLE ADEGBORUWA,

defendant herein, did knowingly and intentionally attempt to possess with the intent to distribute a controlled substance, to wit: fentanyl, a Schedule II Controlled Substance, within the meaning of 21 U.S.C. § 812; all in violation of 21 U.S.C. §§ 841(a)(1) and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

## COUNT 4
## Title 18 U.S.C. § 1956(h)
### (Conspiracy to Commit Money Laundering)

Beginning on a date unknown, and at least by July 23, 2017, and continuing to on or about June, 11, 2019, in the District of Utah, and elsewhere,

OLUWOLE ADEGBORUWA, ENRIQUE ISONG, SYLVESTER ISONG, NGOM PRISO, ARINOLA ADEGBORUWA, ADEWOLE ADEGBORUWA, ASHLEY ROBINSON, and NYLA WATSON,

defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree with others known and unknown to the Grand Jury to launder monetary instruments, knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, by conducting and attempting to conduct such a financial transaction involving

4

the proceeds of a specified unlawful activity, that is the unlawful distribution of a controlled substance, specifically oxycodone, with the intent to promote the carrying on of the specified unlawful activity; knowing that the financial transaction was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the specified unlawful activity; in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and 18 U.S.C. § 1956(a)(1)(B)(i), and did aid and abet therein, all in violation of 18 U.S.C. § 1956(h) and 18 U.S.C. § 2.

## COUNT 5
## 21 U.S.C. § 841(a)(1)
### (Distribution of Oxycodone)

On or about May 3-7, 2018, in the District of Utah, and elsewhere,

OLUWOLE ADEGBORUWA,

defendant herein, did knowingly and intentionally distribute a controlled substance, to wit: oxycodone, a Schedule II Controlled Substance, within the meaning of 21 U.S.C. § 812; and did aid and abet therein, all in violation of 21 U.S.C. §§ 841(a)(1) and 18 U.S.C. § 2 and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

## COUNT 6
## 21 U.S.C. § 841(a)(1)
### (Distribution of Oxycodone)

On or about April 12-17, 2019, in the District of Utah, and elsewhere,

OLUWOLE ADEGBORUWA and ENRIQUE ISONG,

defendants herein, did knowingly and intentionally distribute a controlled substance, to wit: oxycodone, a Schedule II Controlled Substance, within the meaning of 21 U.S.C. § 812; and did aid and abet therein, all in violation of 21 U.S.C. §§ 841(a)(1) and 18 U.S.C. § 2 and punishable

pursuant to 21 U.S.C. § 841(b)(1)(C).

## COUNT 7
## 21 U.S.C. § 841(a)(1)
## (Distribution of Oxycodone)

On or about May 2-7, 2019, in the District of Utah, and elsewhere,

OLUWOLE ADEGBORUWA and SYLVESTER ISONG,

defendants herein, did knowingly and intentionally distribute a controlled substance, to wit: oxycodone, a Schedule II Controlled Substance, within the meaning of 21 U.S.C. § 812; and did aid and abet therein, all in violation of 21 U.S.C. §§ 841(a)(1) and 18 U.S.C. § 2 and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

## COUNT 8
## 21 U.S.C. § 843(b)
## (Use of U.S. Mail in Furtherance of a Drug Trafficking Offense)

On or about May 3-7, 2019, in the District of Utah, and elsewhere,

OLUWOLE ADEGBORUWA and SYLVESTER ISONG,

the defendants herein, did knowingly and intentionally use a communication facility, the U.S. Mail, in facilitating the commission of any act constituting a felony under Title 21, United States Code, Section 841(a)(1), that is, distribution of a controlled substance; and did aid and abet therein, all in violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2.

### NOTICE OF INTENT TO SEEK FORFEITURE

Assets sought for forfeiture:

- $82,687.00 U.S. Currency seized from ADEGBORUWA'S home;
- 2017 Dodge Charger VIN #2C3DXCT8HH524377, Nevada license plate "POLA";

- $259,356 U.S. Currency seized from ADEGBORUWA's vehicle;
- 203.4748427 Bitcoins;
- 0.80164586 Bitcoins;
- 12.35341936 Bitcoins;
- 0.44212991 Bitcoins;
- 27.9530745762 Ethereum;
- 26 Western Union Money Orders totaling $9,400.00; and
- $38,352.64 seized from JP Morgan Chase Bank Account ending in 1165 in the name of Online Freight International, Inc.

Pursuant to 21 U.S.C. § 853, upon conviction of any offense violating 21 U.S.C. § 848, defendant Oluwole Adegboruwa shall forfeit to the United States of America 1) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense(s); 2) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense(s); and 3) any interest in, claims against, and property or contractual rights affording a source of control over, the continuing criminal enterprise. The property to be forfeited includes, but is not limited to:

- The assets sought for forfeiture specified above;
- A MONEY JUDGMENT equal to the value of any property not available for forfeiture as a result of any act or omission of the defendant(s) for one or more of the reasons listed in 21 U.S.C. § 853(p); and
- Substitute property as allowed by 21 U.S.C. § 853(p).

Pursuant to 21 U.S.C. § 853, upon conviction of any offense charged herein in violation of 21 U.S.C. §§ 841 or 846, the defendants shall forfeit to the United States of America any property

constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense(s) and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense(s). The property to be forfeited includes, but is not limited to, the following:

- The assets sought for forfeiture specified above; and
- A MONEY JUDGMENT equal to the value of any property not available for forfeiture as a result of any act or omission of the defendant(s) for one or more of the reasons listed in 21 U.S.C. § 853(p).

Pursuant to 18 U.S.C. § 982(a)(1), upon conviction of any offense in violation of 18 U.S.C. § 1956, the defendants shall forfeit to the United States of America any property, real or personal, involved in such violations, and any property traceable to such property. The property to be forfeited includes, but is not limited to:

- A MONEY JUDGMENT equal to the value of any property not available for forfeiture as a result of any act or omission of the defendant(s) for one or more of the reasons listed in 21 U.S.C. § 853(p).

Substitute property as allowed by 18 U.S.C. § 982(b) and 21 U.S.C. § 853(p).

A TRUE BILL:

/S/
_____
FOREPERSON OF GRAND JURY

JOHN W. HUBER
United States Attorney

_____
AARON FLATER
THADDEUS J. MAY
Assistant United States Attorneys