IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>OLUWOLE ADEGBORUWA and ENRIQUE ISONG<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISMISS THE CHARGES AGAINST ENRIQUE ISONG<br><br>Case No. 2:19-cr-00260-JNP-CMR<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Cecilia M. Romero |

Before the court is defendant Enrique Isong's motion to dismiss the charges against him. ECF No. 809. He argues that the delay between the indictment and his trial violated his speedy trial rights under the Speedy Trial Act and under the Sixth Amendment. The court DENIES his motion.

## BACKGROUND

In July 2019, the government obtained an indictment against Oluwole Adegboruwa on a charge for conspiracy to distribute oxycodone. In January 2020, the government obtained a superseding indictment, which added charges against seven additional codefendants, including Isong. Government agents began the process of arresting the additional defendants, including several that lived in Southern California. The agents went to an address in Compton where they believed that Isong might have been living with his girlfriend but were unable to find him there. The agents attempted to obtain information regarding Isong's whereabouts from his girlfriend, but she declined to speak with them. They also went to an auto body shop that Isong was known to frequent to no avail. One of Isong's codefendants told agents that Isong had moved from Compton to the San Fernando Valley. The government then obtained a ping warrant to locate a cell phone

that Isong was known to use. But just two days before agents obtained the warrant, Isong apparently stopped using the phone.

The government entered Isong's arrest warrant into a national database. About two months after the government began its efforts to arrest Isong, the COVID-19 pandemic hit the United States, severely curtailing the ability of Utah-based agents to travel to California to look for Isong. In January 2022, government agents found out that a new address had been associated with Isong's driver's license. Agents went to the address, observed it for eight hours, and spoke with neighbors and the residents of the address, but everyone denied knowing Isong.

In the meantime, the proceedings against the arraigned defendants in this case continued. The trial date in this case was delayed due to multiple pretrial motions filed by defendants and by changes in counsel. The court eventually set a trial date in August 2023 for all of the arraigned defendants. In May, June, and July of 2023, all of the defendants except Adegboruwa and Isong changed their pleas to guilty. To accommodate the shrinking number of defendants going to trial, the court granted a short continuance of the trial date until September 5, 2023.

As the defendants changed their pleas pursuant to cooperation agreements, the government began to interview them in preparation for the upcoming trial for Adegboruwa. On August 11, 2023, during one of these interviews the government learned of a phone number that Isong had been using. On August 15, 2023, the government obtained a search warrant for the service provider's location data for the cell phone associated with that number. Based on this location data, the government arrested Isong in Los Angeles on August 17, 2023.

On August 21, 2023, the government moved to continue the trial date to allow Isong's counsel time to get up to speed on the case so that the court could hold a single trial for the charges against Adegboruwa and Isong. Counsel for Isong agreed to the proposed continuance. On August

24, 2023, the court held a hearing on the government's motion to continue. The court granted the motion and set a trial date for December 4, 2023. On October 11, 2023, Isong moved to continue the trial date for an additional 180 days in order to prepare for trial. The court granted the motion and continued the trial until May 6, 2024. The combined trial for Isong and Adegboruwa began on that date. On May 22, 2024, the jury found Isong guilty on the charges against him for distribution of oxycodone, conspiracy to distribute oxycodone, and conspiracy to commit money laundering.

On July 22, 2024, Isong filed this motion to dismiss the charges against him, arguing that his rights to a speedy trial under the Speedy Trial Act and under the Sixth Amendment had been violated.

## ANALYSIS

### I.    THE SPEEDY TRIAL ACT

Isong's argument that his conviction should be thrown out due to violations of the Speedy Trial Act is faulty for two reasons. First, the Act provides that a "[f]ailure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section." 18 U.S.C. § 3162(a)(2). Because Isong did not raise his Speedy Trial Act claim until two months after his conviction pursuant to a jury trial, he waived any claim for dismissal under the Act.

Second, there was no violation of the Speedy Trial Act. The Act provides:

> the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). In this case, the seventy-day speedy trial period did not commence until Isong appeared before a judicial officer in this court when he was arraigned on September 5, 2023. Time may be excluded from this seventy-day period for

> [a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). Isong, through counsel, agreed that the ends of justice required the exclusion from the speedy trial calculation the period of time from August 21, 2023 through his trial date in order to allow his attorney time to prepare for trial. Because of the exclusions of time under § 3161(h)(7)(A), his rights under the Act were not violated.

## II. THE SIXTH AMENDMENT

### A. Timeliness

Isong's argument that his Sixth Amendment right to a speedy trial was violated fails because it is untimely. Under the Federal Rules of Criminal Procedure, a motion asserting a violation of the constitutional right to a speedy trial must be made before trial begins. FED. R. CRIM. P. 12(b)(3)(A)(iii). A court may consider an untimely motion only if the defendant shows good cause for failing to meet this deadline. FED. R. CRIM. P. 12(c)(3).

Isong did not file a timely motion to dismiss based on his constitutional right to a speedy trial. He waited until two months after his conviction to move for dismissal. Moreover, Isong has not articulated a justification for his failure to comply with the deadline established in Rule 12(b)(3)(A)(iii). Absent a showing of good cause, Isong's failure to file a timely motion to dismiss constitutes a waiver of his Sixth Amendment claim. *See United States v. Vance*, 893 F.3d 763, 769 (10th Cir. 2018) ("Failure to comply with the timeliness requirement set out in Rule 12 constitutes a waiver.").

In his reply brief, Isong contends that the court ruled during the trial that he could raise his constitutional speedy trial claim after the trial. The court is unsure of the statement to which he refers. And he has not attached a transcript to refresh the court's memory. But to the extent that

the court stated that Isong's counsel could brief this issue after trial, it was not excusing him from the requirements of Rule 12(b)(3)(A)(iii). Rather, it was simply allowing him to brief the issue of timeliness. Now, with the benefit of that briefing, the court finds that Isong's motion is untimely. Indeed, the deadline had already passed when his counsel mentioned the speedy trial issue during trial.

      *B.*    *Merits*

Even if Isong had filed a timely motion, his Sixth Amendment claim fails on the merits. When determining whether a defendant's speedy trial rights under the Sixth Amendment have been violated, courts consider four factors enumerated in *Barker v. Wingo*, 407 U.S. 514 (1972). Those factors are: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) the prejudice to the defendant. *Id.* at 530. Considering these factors, the court determines that Isong's constitutional right to a speedy trial was not violated.

"The length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Id*. "The length of delay is measured from the time at which the speedy trial right attaches: the earlier of either arrest or indictment." *United States v. Batie*, 433 F.3d 1287, 1290 (10th Cir. 2006). Isong was indicted on January 16, 2020, and went to trial on May 6, 2024. The more than four-year delay between indictment and trial is lengthy enough to trigger an analysis of the other factors and weighs in favor of Isong's claim that his speedy trial right was violated.

The reason for delay factor is often "[t]he flag all litigants seek to capture." *United States v. Loud Hawk*, 474 U.S. 302, 315 (1986). "[I]ntentional government tactics to delay the trial weigh heavily against the government; 'neutral' reasons (such as 'overcrowded courts') weigh against the government but less so; and 'valid' reasons (such as a 'missing witness') justify the delay." *United States v. Keith*, 61 F.4th 839, 852 (10th Cir. 2023) (quoting *Barker*, 407 U.S. at 531).

Moreover, "a defendant's actions that delay his own trial weigh heavily against him." *Id*. Relying on *Doggett v. United States*, 505 U.S. 647 (1992), Isong argues that the government is to blame for most of the delay because it neglected to locate and arrest him until August 17, 2023, about three and a half years after his indictment. In *Doggett*, the Court found that a criminal defendant's constitutional right to a speedy trial had been violated where there was an "extraordinary" eight-and-a-half-year delay between his indictment and his arrest. *Id.* at 652. Although the defendant had left the United States soon after the indictment, he later returned and lived openly in Virginia for about six years before he was arrested. *Id.* Based on the Court's conclusion that the government could have located the defendant within minutes if it had run a credit check, it upheld the district court's finding that the government had been negligent in failing to find and arrest the defendant and found that the government was at fault for the delay. *Id.* at 650, 652–53.

The facts of this case are different. Isong asserts that he lived at the Compton address with his girlfriend the entire time that government was attempting to locate him and that it was responsible for the delay in his arrest. But government agents were unable to locate him at that address when they went there to look for him. And his girlfriend refused to speak with the agents about his whereabouts.[1] Moreover, the court finds that Isong took steps to evade arrest. The government arrested one of his known associates on January 22, 2020. Around that time, agents asked his girlfriend about his location and looked for Isong at sites he was known to frequent. On January 28, 2020, Isong stopped using his phone. The court finds that he did so to prevent law enforcement officers from tracking him electronically. Moreover, Isong has not explained how an

---

[1] Isong attached documents to has motion showing that the government knew where his girlfriend lived and worked. The government does not dispute that it was aware of these facts. However, because she was unwilling to speak to the government's agents, knowledge of her whereabouts was not equivalent to knowledge of Isong's whereabouts.

address other than the one where he alleged that he had been living came to be associated with his driver's license. Because Isong was avoiding arrest, he is at fault for the delay in his apprehension, not the government.

Isong's failure to assert his speedy trial rights at any time prior to trial also weighs against him.[2] Indeed, he acquiesced to or requested both of the trial continuances granted after he was arrested. In *Doggett*, the district court implicitly concluded that the defendant in that case was unaware of the charges pending against him, excusing his failure to assert his speedy trial rights until after his arrest. *Id*. at 653. But here, the court finds that Isong was aware that the government was attempting to find him to face drug trafficking charges. Both a known associate and Isong's own brother were arrested for their part in the drug trafficking conspiracy in January and February 2020. And Isong must have known through law enforcement contacts with his girlfriend that the government was trying to locate him as well. Because Isong knew, at least generally, of the charges against him, his failure to seek a speedy trial weighs heavily against finding a Sixth Amendment violation. *See id*. (holding that knowledge of an indictment prior to arrest would weigh heavily against a defendant when evaluating the third *Barker* factor).

Isong argues that because he was represented by counsel from the period of his arrest through trial, he should not be held responsible for his lawyer's failure to demand an earlier trial date. But absent exceptional circumstances, "a defendant will be bound by the decisions of his counsel." *United States v. Nolan*, 571 F.2d 528, 534 (10th Cir. 1978). Moreover, the eight-month delay between Isong's initial appearance and his trial was not particularly lengthy given the complexity of this case and the need for counsel to prepare.

---

[2] Isong points to a letter that was filed with the court on February 13, 2024, as evidence that he had demanded a speedy trial. But in the letter, he only asked for new counsel. He did not request to move up the pending May 6, 2024 trial date.

Finally, the fourth *Barker* factor—prejudice to the defendant—weighs only slightly in favor of a finding a Sixth Amendment violation. This factor is evaluated in light of three main interests: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *Barker*, 407 U.S. at 532. "Impairment of the defense is the most important of these interests, and prevention of oppressive pretrial incarceration is the second most important." *United States v. Hicks*, 779 F.3d 1163, 1169 (10th Cir. 2015). Because the Isong remained free from detention and from the anxieties of a criminal prosecution for the majority of the period of time between indictment and trial, the first two subfactors are not compelling considerations in this case.

When considering the third subfactor, courts presume a certain amount of prejudice to a criminal defendant's ability to present a defense if the delay is "excessive." *Doggett*, 505 U.S. at 655–56. The weight given to this presumptive prejudice depends on the reason for the delay. If the delay is caused by the need "to collect witnesses against the accused, oppose his pretrial motions, or, if he goes into hiding, track him down," the presumptive prejudice to the defendant's case is given little weight. *Id.* at 656. If the government is negligent in bringing the accused to trial in a timely manner, presumptive prejudice to the defense occupies a "middle ground." *Id.* at 656–57. "While not compelling relief in every case . . . , neither is negligence automatically tolerable simply because the accused cannot demonstrate exactly how it has prejudiced him." *Id.* at 657. And if the government delayed the prosecution in bad faith in order to gain an advantage at trial, the presumption of prejudice "would present an overwhelming case for dismissal." *Id*. at 656. Here, the court finds that the delay in apprehending Isong is not attributable to the government's negligence or bad faith. Because the delay in this case is attributable to reasonable efforts to locate and arrest Isong, the presumption of prejudice is at its nadir and does not overcome the other

factors that favor the government. *See id.* ("[I]f the Government had pursued Doggett with reasonable diligence from his indictment to his arrest, his speedy trial claim would fail.").

Weighing all of the *Barker* factors, the court finds the second and third factors to be particularly compelling in this case. If Isong were not procedurally barred from raising his Sixth Amendment speedy trial claim after his trial and conviction, the court would reject his claim on the merits.

## CONCLUSION

For the above-stated reasons, the court denies defendant Enrique Isong's motion to dismiss the charges against him due to alleged violations of his speedy trial rights.

DATED October 23, 2024

BY THE COURT

Jill N. Parrish
United States District Court Judge